### BARNETT *v.* THE STATE.

The act of December 20, 1899, entitled, "An act to amend section 388 of the Code of Georgia of 1895, so as to make the wife a competent witness to testify against the husband, in cases where there is an indictment for seduction, and marriage for the purpose of suspending the prosecution," is not applicable to a case where, at the time of the marriage of the alleged seducer and the woman claimed to have been seduced, the former had not been indicted for the offense, but was simply under arrest upon a warrant charging him therewith.

Argued February 16, — Decided March 13, 1903.

Indictment for seduction. Before Judge Reagan. Henry superior court. December 13, 1902.

*R. L. Berner, E. M. Smith,* and *E. F. Williams,* for plaintiff in error. *O. H. B. Bloodworth, solicitor-general, M. W. Beck, W. P. Bloodworth,* and *J. F. Wall,* contra.

FISH, J. ¸The accused was convicted of the crime of seduction. He made a motion for a new trial, upon various grounds, which was overruled, and he excepted. The indictment under which he was tried contained three counts. The first count merely contained the allegations usual in an indictment for this offense. The second count charged the seduction, and that, after the offense was committed and after a warrant charging the accused therewith had been sworn out and he had been arrested thereunder, he was married to the female alleged to have been seduced, but did not give the bond required by the statute for the support and maintenance of her and her child or children, if any, for the period of five years. The third count, after charging the seduction, the issuance of the warrant, the arrest, and the marriage, alleged that the accused, being unable to give the bond required by the statute, failed and refused to live with his wife, in good faith, for the period of five years. Upon the trial the State relied only upon the second and third counts. We deem it necessary to consider only one of the grounds · of the motion for a new trial. The female alleged to have been seduced was offered as a witness by the State, and the defendant objected to her testifying, upon the ground that she was the wife of the accused, and therefore was neither competent nor compellable to testify against him in this case. The objection was overruled by the court, and the wife testified against her husband. The trial judge evidently took the view contended for here by counsel for the State, viz., that, under the act of December 20, 1899 (Acts 1899, p. 42), the wife was a competent witness against her husband. That act amended the Penal Code, § 388. This section contains the following provisions: " A prosecution " for seduction " may be stopped at any time by the marriage of the parties, or a bona fide and continuing offer to marry on the part of the seducer: *Provided*, that the seducer shall, at the time of obtaining the marriage license from the ordinary of the county of the female's residence, give a good and sufficient bond in such sum as the ordinary may deem reasonable and just, taking into consideration the condition of the parties, payable to said ordinary. and his successors in office, and conditioned for the maintenance and support of the female and her child or children, if any, for the period of five years. If the defendant is unable to give the bond, the prosecution shall not be at an end until he shall live with the female, in

good faith, for five years." The enacting clause of the amendatory act merely·provided that the following should be added after the last line of this section: "In case the defendant fails to comply with the provision of this section, the wife shall be a competent witness to testify against the husband." Upon the question of the admissibility of the wife's testimony, the theory of the State was, that the accused, after being arrested under a warrant charging him with seduction, had married the female alleged to have been seduced, but had otherwise failed to comply with the provisions of this section, because he had given no bond as required by the statute and had almost immediately after the marriage abandoned his wife and refused to thereafter live with her; and that therefore, under the act of 1899, the wife was a competent witness in the case. If, under the facts of this case, this act is applicable thereto, then the testimony of the wife was admissible against the husband; otherwise she was not a competent witness in the case.

Until the passage of this act, a wife was not a competent witness, for or against her husband, in any criminal proceeding against him, except "upon his trial for any criminal offense committed, or attempted to have been committed, upon her person," or in a case in which he was charged with the offense "of abandonment of his child." Penal Code, § 1011 (4). It is obvious that the present case falls within neither of these exceptions. Seduction can not be a criminal offense committed by a husband upon the person of his wife. The title to the act of 1899 is as follows: "An act to amend section 388 of the Code of Georgia of 1895, so as to make the wife a competent witness to testify against the husband, in cases where there is an indictment for seduction, and marriage for the purpose of suspending the prosecution." The constitution of this State declares that no law shall pass which contains matter different from what is expressed in the title thereof. Civil Code, § 5771. Hence, in construing an act of the legislature, passed since this constitutional provision became of force, it is not permissible to give it a construction which will make the body of the act embrace matter different from that expressed in its title, if such a construction is not rendered necessary by the wording of the act; and of course, if the language of the act should render such a construction absolutely necessary, it would, at least to the extent that the enacting clause conflicted with the title, make the act uncon-

stitutional.    To construe this act as being applicable to cases in which there has been no indictment of the accused prior to the marriage, and hence no marriage for the purpose of suspending the prosecution under an indictment, would render the act unconstitutional; for, under such a construction, the enacting clause of the act would embrace matter different from that expressed in the title. Therefore the provision of the enacting clause, making the wife a competent witness to testify against the husband, must be limited to cases which fall within the description given by the title.    We may say, in passing, that, so far as the question to be determined in the present case is concerned, the effect would be the same whether the act be so construed, or be held to be in conflict with the provision of the constitution which we have been considering.    In either event the wife, in the case in hand, would be an incompetent witness to testify for or against her husband.    Whatever may have been the purpose of the legislature as to the scope of this act, we are bound to interpret it in the light of its title.    That title, as we have seen, declares the purpose of the act to be, " to make the wife a competent witness to testify against the husband, *in cases where there is an indictment, and marriage for the purpose of suspending the prosecution.*"    The conclusion, therefore, seems irresistible that the act does not make the wife a competent witness against the husband in cases where there is no indictment, followed by marriage for the purpose of suspending the prosecution. The act contemplates that, in the cases to which it shall apply, there shall be an indictment for seduction, marriage for the purpose of suspending the prosecution, a *suspension* of the prosecution, and then a *resumption*, under the indictment, of the prosecution, for the failure of the accused to comply with his obligation under the statute.    We therefore feel constrained to hold that this act does not apply to a case where there was no indictment for seduction prior to the marriage of the parties.

It is not pretended, in the case under consideration, that the accused was indicted for the offense of seduction, and then married the female alleged to have been seduced, for the purpose of suspending the prosecution.    On the contrary, the indictment itself shows that he was not indicted for the alleged offense until after the marriage, and that the marriage took place while he was simply under arrest upon a warrant charging him with seduction; and the

undisputed evidence in the case is to the same effect. As we have, seen, before the passage of this act a wife could not have been a competent witness, for or against her husband, in any case in which he was prosecuted for seduction. As the act only makes her a competent witness against her husband in cases where there has been an indictment found against him and marriage for the purpose of suspending the prosecution, she is not a competent witness in a case where the marriage took place before any indictment was found. In view of the evil which the legislature was probably seeking to prevent, it may be that the purpose of the General Assembly, in passing the act of 1899, was broader than that expressed in the title to the act. If so, it is unfortunate that the language employed to express the legislative purpose should confine the scope of the act to narrower limits than the lawmakers intended. But, be this as it may, the meaning of the act, when construed, as it necessarily must be, in the light of its title, is clearly as above indicated; and this court, regardless of the consequences of its decision in any case in which the question under consideration may arise, is obliged to so hold. It follows that the court below erred in not sustaining the objection of the defendant to the testimony of the wife of the accused.

Judgment reversed. By five Justices.